Gangewer, Appellant, *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review et al.

Argued October 24, 1939.

Before CUNNING-

HAM, STADTFELD, PARKER and RHODES, JJ.

*Irving W. Coleman,* with him *Forrest E. Gotthardt,* for appellant.

*David R. Perry,* and *Charles R. Davis,* Special Deputy Attorneys General, *Claude T. Reno,* Attorney General, and *Richard H. Wagner* for appellees, were not heard.

PER CURIAM, November 17, 1939:

Dallas S. Gangewer, a former employee in the Division of Unemployment Compensation and Employment Service, Department of Labor and Industry, has appealed, under the provisions of Sections 208(p) and 510 of the Act of December 5, 1936, (Second Special Session 1936) P. L. 2897, (1937), 43 PS §§768 and 830, from the order of the Board of Review of the Department of Labor and Industry, entered June 8, 1939, and affirming the action of the Secretary of the Department in dismissing appellant from the service on March 27, 1939.

Appellant's application for appointment to the position here in question was dated July 30, and filed August 1, 1937. He was appointed on August 1, 1938, under the civil service provision of the Act (Section

208, P. L. 2905) to the position of "Manager, Class IV, No. 1419, as District Manager for District No. 7, in the Division of Unemployment Compensation and Employment Service," comprised of the counties of Lehigh, Northampton, Carbon, Monroe and Pike.

By the Act of May 18, 1937, P. L. 658, 662, 43 PS §768, clause (e) of section 208 was amended so as to provide, inter alia, that applicants for the position to which appellant was appointed "shall be citizens of the United States and shall have been legal residents of Pennsylvania for a period of not less than one year, and in the district in which such office is located for a period of *not less than six months, before making application."* (Italics supplied)

On March 27, 1939, appellant was summarily dismissed by the secretary under clause (o) of section 208 —the first of several charges against him being that he was not a legal resident of District No. 7 at the time he made application for the appointment. Appellant appealed to the Board of Review. After a number of hearings in which appellant and his counsel participated, that body reached the conclusion that appellant's appointment had been void from its beginning as he was not eligible for appointment to the office, because, (a) he had been convicted of, and imprisoned for, certain infamous crimes which, under Section 7 of Article II of our Constitution, rendered him incapable of holding any office of trust or profit in this Commonwealth; and (b) he was not a legal resident of District No. 7 when his application was filed, but on the contrary was then a legal resident of Quakertown, Bucks County, and did not become a resident of the district until January 10, 1938. The board made specific findings of fact, and drew certain conclusions of law, both supported by an opinion in which the oral testimony and the various exhibits were fully discussed. From the order of the board, dismissing his appeal and re-

fusing to reinstate him, appellant took the present appeal to this court.

Our records show that on September 6, 1939, the intervening appellee filed a motion to quash the appeal upon the ground that it was defective as to form and substance in several specified particulars. Upon consideration of appellant's answer the motion was denied on September 25, 1939.

When the appeal came on for oral argument on October 24, 1939, the Board of Review filed a motion to quash it because of the failure of the appellant to comply with certain rules of this court, and particularly those relating to the printing of the record.

Under the conclusion we have reached it is unnecessary to review the evidence before the board. It is sufficient to say that the finding that appellant was not a legal resident of District No. 7 when he filed his application for appointment as manager thereof was fully supported by the evidence before the board. That finding would, of itself, support the action of the board; a discussion of the other ground of ineligibility would not be of any benefit to appellant nor would it serve any proper purpose at the present time.

Our rules Nos. 38, 45 and 60 require the printing of the record, substantially in the manner prescribed in rule No. 45, and the service, not later than the time specified in rule No. 60, of five copies of the record upon the appellee and the filing in this court of twenty-five copies thereof.

Although the board, as required by section 510 of the statute, promptly filed its answer to the appeal petition and filed with this court "certified copies of all documents and papers, a record of all testimony taken and all findings of fact and decisions thereon," no effort was made by appellant to have the record printed in compliance with the rules to which we have referred, nor were any copies of the record served upon the board and the intervening appellee or filed in this court. If

appellant was without funds to print the record, an application could have been made to have the appeal heard in forma pauperis upon the original record. No such application was made.

Although the appeal petition of the appellant averred that certain findings of fact by the board were not warranted by the evidence and that several conclusions of law were erroneous, the only assignment of error filed in this court and printed by appellant in his brief reads: "1. The Unemployment Compensation Board of Review erred in failing to sustain the appeal of the appellant in its order of June 8th, 1939." This was an inadequate compliance with our rule No. 22 providing that "each error relied on must be specified particularly and by itself."

The brief filed by counsel for appellant does not even refer to the grounds assigned by the board for its action. It is confined to a discussion of the technical question whether the secretary in dismissing appellant should have invoked clause (k) of section 208, relating to the termination of the service of a probationer, instead of clause (o), providing for the summary dismissal of "any employee of the department engaged in the administration of the [statute]." As the grounds upon which the board affirmed the action of the secretary related not to acts committed by appellant during his term of service but to his ineligibility for appointment, the matters considered in appellant's brief have no bearing upon the merits of the case. The record shows appellant was furnished, under clause (p) of the section, with copies of the charges preferred against him and afforded ample opportunity to make his defense before the board.

For the reasons indicated, we think the motion to quash should be granted. We may add, however, that we have examined the entire record and are convinced that no injustice has been done appellant.

Appeal quashed.