## Kassarich, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 12, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Sidney G. Handler,* of *Douglass & Handler,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., April 22, 1940:

The Unemployment Compensation Board of Review of the Department of Labor and Industry, appointed

pursuant to the Unemployment Compensation Law of December 5, 1936, (P. L. of 1937, p. 2897), advertised in July 1937, by Information Circular No. 3, that it would conduct competitive examinations for certain civil service positions created under said act.

The appellant, Louis Kassarich, made application as provided in sec. 208(f) for employment as Senior Interviewer, Position No. 1417-1, as established and classified by the Secretary of Labor and Industry, pursuant to sec. 208(d). The duties and qualifications prescribed by the Secretary for said position under rules and regulations authorized in sec. 208(e) were:

"Duties: A Senior Interviewer under general supervision of the Manager, registers and places applicants, receives and solicits orders, and performs necessary related work.

"Qualifications:

A. Six years' special experience (as defined below), no formal education required;

or B. Four years' special experience, and graduation from an accredited four-year high school or equivalent;

or C. Two years' special experience, (as defined below), and graduation with a degree from a recognized college or university;

or D. Any equivalent combination of B and C;

or E. One year's employment as a Junior Interviewer in a public employment office.

"Special experience is defined as full time paid employment within the last ten years in work definitely providing familiarity with employment problems and practices such as are entailed in establishments and organizations, in industrial, commercial, professional, and labor fields."

It will be noted that the description or definition of 'special experience' is very general, and is not reduced to definite terms, but states only the principles to be applied by the examining board in considering and passing upon the informatory data furnished by the re-

spective applicants; and while the definition refers to "employment problems and practices such as are entailed in establishments and organizations in industrial, commercial, professional, *and* labor fields," in the conjunctive, we are of opinion that the word 'and' was probably used loosely for 'or', since to obtain "full time employment . . . . . . in work providing familiarity with employment problems and practices" in *all four fields*, industrial, commercial, professional and labor, in the course of *two years*, would call for an 'Admirable Crichton', not probably obtainable for $2100 a year. It will be noted, however, that it does not prescribe as a requirement "actual experience in hiring and firing employees," which the present Board seems to interpret as an essential prerequisite. In any event, the construction of the rules and regulations relative to classification of the employees to be admitted into the civil service under the act, and their duties and qualifications was for the officer or board who prepared them and applied them, and in the absence of fraud or misconduct their interpretation of them as expressed in the selection of eligibles and their appointment to positions in the civil service under the act will not be set aside because their successors may give them a different interpretation.

In his application for the position of Senior Interviewer this appellant set forth under his Employment Record, that he had been employed (1) as clerk in a grocery store from June 1932 to June 1933, giving the name, address, etc. of his employer and the other information required in the blank form; (2) as manager of Leader Stores Company—drug stores—from June 1933 to September 1936; and (3) as clerk in a State liquor store from December 1936 to April 1937; and as to No. 2, stated: "Managed store—one regular assistant—extra help on Saturday and holidays," and "Managed store for over two years of the more than three years spent there. Hired extra help as well as regular

assistants. Arranged schedules, took care of payrolls, etc. In this way became familiar with ordinary employment problems occurring in such commercial enterprise."

The Secretary and Board deemed this a sufficient compliance with the requisite qualification for "two years' special experience" under C. aforesaid—he had been graduated with a degree from a recognized university—and he was accordingly permitted to take the examination, which he passed with a high rating. This fact confirms us in our view, that the conjunctive 'and' had been loosely used in drawing the rule or regulation for the disjunctive 'or'; for the applicant clearly set forth in his application that his experience had been confined to the *commercial* field.

Appellant was accordingly placed on the list of eligibles and subsequently, on December 13, 1938, was appointed a senior interviewer in Philadelphia County, in the Division of Unemployment Compensation and Employment Service. He served his probationary period of nine months (sec. 208(k) ) in a manner satisfactory to the Secretary and was retained in his position beyond that period, which automatically confirmed him as a "permanent appointment" (sec. 208(k) ).

In the meantime, a new Secretary of Labor and Industry and a new Unemployment Compensation Board of Review succeeded those in office when appellant made his application, took his examination and was appointed.

The new Board, apparently being of opinion that it was legally authorized so to do, undertook to reconsider and review the application of the appellant and the legality of his appointment under and following it, and notified him that his experience as set forth in his application did not meet the minimum requirements prescribed by the Secretary of Labor and Industry, as the new board construed them; and after a hearing, the board notified the Secretary to the same effect, and

ordered appellant's name removed from the list of eligibles, and directed his summary dismissal by the Secretary if already appointed, which was done, effective November 20, 1939. Appellant's appeal to the Board was dismissed and the appeal to this court followed.

The order must be reversed.

The Unemployment Compensation Law imposes two wholly separate and distinct functions or duties on the Board, relative to the Civil Service section or division of Article II of the statute relating to the administration of the Act.

(1) The first is preliminary in character and relates to the *selection* of the employees who are to administer the Act. Under this branch or subdivision, the Board is directed to prescribe forms of applications to be filed by persons seeking employment in the civil service provided for by the Act; to receive applications when filled out, subscribed and sworn to or affirmed by the applicants; to conduct examinations, which are to be marked or graded by a committee designated by the board, and filed with the board; and to prepare and file a list of eligibles, from which names shall be certified by it to the Secretary, when requested by him.

(2) The second is appellate in character and imposes on the Board the authority to hear and determine appeals taken by civil service employees who were appointed to positions under the Act and have been given notice of dismissal, suspension or furlough (sec. 208(p) ).

Under the first or preliminary division, its duties are ended, so far as the selection of civil service employees is concerned, when, after an applicant has been examined and placed on the list of eligibles, he is certified to the Secretary and appointed to a position in the civil service. Any errors in the selection of the list of eligibles, not arising from fraud, misrepresentation or misconduct, is cured by the appointment, and neither the Board, which certified him, nor a subsequent Board,

is given power or authority to revoke the certification, or order his dismissal. Its authority in this respect is then ended. Its duties after the appointment of the civil service employee are wholly appellate in character and are limited to the hearing and decision of appeals by employees who have been given notice of dismissal, suspension or furlough.

It follows that whether or not the Board, which examined this appellant for the office of Senior Interviewer and certified him on the list of eligibles, rightly construed the rules and regulations prescribed by the then Secretary as to the qualifications to be possessed by persons desiring employment in the various classes and grades of employment established by the Secretary, its act in certifying him on the list of eligibles could not be reviewed, reconsidered or revoked and his name removed from the list in the absence of fraud, misrepresentation, or misconduct—which is not here alleged—after his appointment to a civil service position, and his retention therein beyond the probationary period of nine months, either by the Board which had certified the list or by a subsequent Board; and the present Board had no power to direct the Secretary to dismiss him from his position, because it was of opinion that his experience, as set forth in his application, did not meet the minimum requirements prescribed by the Secretary.

The authority of the Secretary to dismiss a permanent civil service employee is restricted to the grounds enumerated in sections 208(o) and (s), none of which is charged against this appellant.

Assignments of error nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen and nineteen are sustained. The order or decision is reversed, the appeal is sustained, and the appellant is ordered to be restored to the same grade of employment in which he had been employed.