## Speer, Appellant, *v.* Unemployment Compensation Board of Review, etc.

Argued April 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*William S. Rahauser,* of *Rahauser, Van Der Voort & Royston,* with him *John A. Robb,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General. for appellee.

OPINION BY KELLER, P. J., June 25, 1940:

This appeal is governed by our decision in *Kassarich v. Unemployment Compensation Board of Review,* (139 Pa. Superior Ct. 599, 12 A. 2d 823), which requires a reversal of the decision and order of the board.

The appellant made application as provided in section 208 (f) of the Unemployment Compensation Law of December 5, 1936, (P. L. of 1937, p. 2897), for employment as a senior interviewer, position No. 1417-1, as established and classified by the Secretary of Labor and

Industry, pursuant to section 208(d). Before taking the examination, she asked, and was given, permission by the board to change her application so as to apply for the position of junior interviewer, No. 1416. She took the examination on December 30, 1937, and passed. The same examination applied to both positions, and she passed for both positions, but her grade for junior interviewer, to which she had changed her application by permission of the board, was somewhat higher, based on the difference in experience requirements. She was placed on the list of eligibles for junior interviewer and was appointed a junior interviewer for Allegheny County on December 7, 1938. She was retained in that position without complaint for more than nine months, which retention thereby automatically confirmed her as a permanent appointment in the civil service created under said Act (sec. 208(k) ).

On October 20, 1939, after notice and a hearing, she was ordered to be removed from her position by a succeeding board, and her name was stricken from the list of eligibles for junior interviewer and restored to the list for senior interviewer, on the ground that the former board had no authority to permit her to change the position applied for in her application after the date for filing applications had closed.

No fraud, misrepresentation or misconduct was alleged or proved against her; and in their absence, the present board had no authority, under the Act, to review, reconsider or revoke the action of the former board in allowing the change in appellant's application and in certifying her name on the list of eligibles for junior interviewer, or to remove her name from the eligible list for junior interviewer after her appointment to that office and her retention therein beyond the probationary period of nine months—when her appointment had become permanent—and to order her dismissal from her position.

As the statement of questions involved does not raise the question of the power of this court to order reimbursement to appellant for back salary, we shall not pass upon it in this appeal. See, however, *Daley v. Unemployment Compensation Board of Review,* 140 Pa. Superior Ct. 203, 13 A. 2d 888.

The decision and order of the Unemployment Compensation Board of Review is reversed, the appeal is sustained and the appellant is ordered to be restored to the same grade of employment in which she had been employed.