Daley, Appellant, *v.* Unemployment Compensation Board of Review.

Argued April 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*George B. Balmer,* for appellant.

*R. Carlyle Fee,* Ass't Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., June 24, 1940:

This appeal, on the main point in issue, is ruled squarely in favor of the appellant by our decision in *Kassarich v. Unemployment Compensation Board of Review,* 139 Pa. Superior Ct. 599, 12 A. 2d 823.

Appellant, after an application to, and examination by, the Unemployment Compensation Board of Review, created under the Act of December 5, 1936 (P. L. of 1937, p. 2897), for employment as a senior accountant, (position No. 1219), was placed on the list of eligibles for that position and certified to the Secretary of Labor and Industry as eligible for such appointment. He was duly appointed a senior accountant in the Division of

Unemployment Compensation and Employment Service of the Department of Labor and Industry in Berks County on December 16, 1938, and was retained therein without complaint for over nine months, thereby confirming him as a permanent appointment in the civil service established under said Act (See section 208k).

Subsequently on November 1, 1939, he received a notice from a succeeding board notifying him to appear for a hearing before the board relative to the minimum requirements as to education and experience necessary to entitle him to take said examination; and after a hearing, which disclosed no fraud, misrepresentation or misconduct on his part, the board ruled that his qualifications as to education and experience had not met the minimum requirements fixed by the regulations established by the Secretary of Labor and Industry, and made an order, dated November 27, 1939, certifying that his name should be stricken from the list of eligibles and, if appointed, that he should be summarily dismissed, which was done on December 7, 1939. He appealed to this Court.

For the reasons set forth in the opinion in the Kassarich case, the decision and order must be reversed and the appellant restored to the same grade of employment in which he had been employed.

The appellant further contends, however, that in the event that he is restored to the civil service, this court should order that he be fully reimbursed for any loss of salary caused by such unjustifiable dismissal. This is based on the provision in section 208(p) of the Unemployment Compensation Law (Act of December 5, 1936, P. L. 1937, p. 2897), which relates to the restoration by the board of an employee who has been dismissed, suspended or furloughed and whose appeal therefrom to the board has been sustained, and which provides, "Any employee, after having been dismissed, suspended or furloughed, and who has made appeal thereof [sic] to the board, shall be restored, upon being

sustained on such appeal by the decision of the board, to the same grade of employment in which he had been employed and, in the discretion of the board, shall be fully reimbursed for any loss of salary caused by such dismissal, suspension or furlough."

The provision for appeals from orders relating to the civil service administration of the Act is also found in section 208(p), as follows: "Appeals may be taken by the secretary or the employee from the board to the Superior Court within thirty days after the decision of the board in the same manner as provided in this act for appeals with respect to compensation."

It will be noticed that it confers no authority or discretion on this court to make orders for reimbursement to the employee for loss of salary, where the board's decision did not sustain the employee's appeal. We do not think this was omitted or withheld by oversight or inadvertence. In our opinion the discretion as to such reimbursement is lodged in the board alone and is not subject to review by this court.

We must remember that we are not dealing with a private employer, or even a municipal employer, charged with some duty by the State, but with the Commonwealth itself, a sovereign state, as the employer. To the extent that the General Assembly has authorized a claim for reimbursement for such salary—and only to that extent—can the Commonwealth be made liable for its payment: *Collins v. Com.*, 262 Pa. 572, 575, 106 A. 229; 25 R. C. L. pp. 416, 417, sec. 52; 42 A. L. R. 1475, note VI,a, 1477, note VI,b. The law has placed such reimbursement in the discretion of the board, which has at its command information as to the funds on hand, subject to be applied to such payment, and can make full inquiry into the earnings of the employee during the period of his dismissal, suspension or furlough, the record of the employee as to the quality of his service, and other matters which may move or influence its discretion.

The power or discretion is not specially committed to this court, and no review over the exercise of the board's discretion in this respect is given this court by appeal.

Hence we are of opinion that the appellant on being restored to his former grade of employment, may apply to the board for reimbursement for loss of salary, and that the granting or refusal thereof rests in the discretion of the board and is not subject to review by this court.

None of the cases cited upon this point, by any of the appellants, dealt with a claim for reimbursment by an employee against a sovereign state; they were all concerned with a private employer, or some subdivision of the state charged by the state legislature with the duty of payment. They are not applicable here.

The assignments of error are sustained. The decision or order of the board is reversed, the appeal is sustained, and the appellant is ordered to be restored to the same grade of employment in which he had been employed.