Thurston, Appellant, *v.* Unemployment Compensation Board of Review.

Argued May 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Norman J. Thurston,* appellant, in propria persona.

*R. Carlyle Fee,* Ass't Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., June 24, 1940:

The appellant was dismissed from the civil service

created under the Unemployment Compensation Law (Act of December 5, 1936, P. L. (1937), p. 2897, as amended by Act of May 18, 1937, P. L. 658), because he had deliberately misrepresented his educational training in his application for employment in such service, and thereby secured a higher rating on the examination, resulting in his appointment to said service.

He stated in his application, filed in order to take the examination for the position of assistant accountant, that he had attended Oil City High School from 1911 to 1915 and had been graduated therefrom; while he now admits that he was not graduated from the Oil City High School and had never attended it or any other high school. His ground for appeal to this court is that the misrepresentation was immaterial in view of the amendment to section 208(f), with respect to the competitive examinations designed to test the relative capacity and fitness of persons taking them to discharge the duties of the service into which they seek to be appointed, that "no applicant shall be required to be possessed of any scholastic education or training *in order to be permitted to take any competitive examination or to be appointed to any position.*" This does not mean that scholastic education or training is not to be considered in passing upon the examination papers, but that it is not a *requirement* in order to be *permitted to take the examination* or be appointed; for in the regulations prescribed by the Secretary of Labor and Industry, pursuant to the Act, four classes, with respect to qualifications necessary to take the examination for assistant accountant, were established:

A—Five years' special experience—No formal education required; or

B—Three years' special experience, and graduation from an accredited four-year high school or equivalent; or

C—One year's experience in clerical work; and gradu-

ation with a degree from a recognized college or university (major in accounting) ; or

D—Any equivalent combination.

And the following explanation is given as to the 'education' above referred to:

*"Education*—Educational requirements are not necessary qualifications for the position outlined under the above-mentioned service, but in arriving at the final rating of the applicant cognizance will be taken and consideration given for any education which the applicant has had which would specially qualify him for the position—under this service—for which he is an applicant."

It thus appears that so far from being immaterial, an applicant's educational training, likely to qualify him for the position applied for, is taken into consideration in arriving at his final rating, and any misrepresentation with respect to it which is advantageous to the applicant is reflected in his favor in the final rating, on the basis of which the list of eligibles, with their comparative order or rank, is prepared, and appointments therefrom are made, and is, therefore, very material.

Furthermore, it is desirable as a matter of public policy that the civil service employees under the statute shall be composed of honest and truthful persons; and fraud and misrepresentation in securing the appointment, are grounds for dismissal. See *Kassarich v. Unemployment Compensation Board of Review,* 139 Pa. Superior Ct. 599, 12 A. 2d 823; *Gangewer v. Unemployment Compensation Board of Review,* 137 Pa. Superior Ct. 453, 9 A. 2d 490; Sec. 208(s) of the Act of December 5, 1936, supra.

We are of opinion that a prosecution by summary proceeding is not necessary under that section before the employee can be summarily dismissed; at least where, as here, the false statement or misrepresentation as to

a material fact is admitted by him. The penalty provided for in that section by summary proceeding is specially intended for persons who do not receive an appointment under the civil service or who are not themselves applicants but wilfully furnish false information as respects an applicant, for in no other way can they be punished; and while also applicable to employees, it need not be resorted to before dismissal in a clear case.

The testimony of the appellant on the hearing before the board fully supports its order or decision.

Affirmed.