Ehrman, Appellant, *v.* Unemployment Compensation Board of Review.

Argued October 23, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*I. Edward Roth,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., November 22, 1940:

Julius Ehrman, the appellant, successfully passed the examination for the position of Principal Clerk, Classification 3516, held pursuant to the Unemployment Compensation Law of December 5, 1936, P. L. of 1937, p. 2897, as amended by Act of May 18, 1937, P. L. 658, and was certified as fifteenth in rank or grade, based on such examination.

Pursuant to notice of April 6, 1938, he reported for duty on April 16, 1938 and worked until September 26, 1939, when he was furloughed because of budgetary reasons, pursuant to notice dated September 16, 1939.

Two other applicants were among those who took and passed the same examination: Abraham J. Kanarek, whose grade or rank was certified as eighth and Jeanne Simmons Scott, whose grade or rank was certified as tenth. Both of them, pursuant to notice of April 6, 1938, reported for duty on April 16, 1938 and have been continuously employed ever since.

By letter, dated January 25, 1940, a new Board of Review, which had succeeded the board which passed upon and graded the examination papers, notified appellant that upon further examination of his test material, they had discovered that he should have been ranked eighth instead of fifteenth in the rankings for the position of Principal Clerk, Classification 3516, thus reducing Mr. Kanarek to ninth and Miss Scott to eleventh.

Within ten days thereafter Ehrman attempted to file an appeal from the order of September 16, 1939, directing his furlough, effective September 26, 1939.

The board refused to accept the appeal because it had not been filed within ten days, as provided in section 208(p) of the Unemployment Compensation Law.

He thereupon appealed to this Court.

We are of opinion that he mistook his remedy.

The act provides that any employee who is given notice of furlough shall be entitled to a hearing before the board *by an appeal made within ten days after such*

*notice of furlough becomes effective.* This appellant naturally did not appeal within ten days after September 26, 1939, because he knew of no reason justifying an appeal, since he had been furloughed, not because of charges preferred against him but for budgetary reasons; but, nevertheless, he cannot appeal four months after the effective date of his furlough, because of changed conditions affecting his rank or grade.

His proper course would have been to petition the board asking it to reconsider and rescind the order of furlough; and by analogy, he would have the right of appeal from an adverse decision to this Court.

However, in order that such a course may not be fruitlessly undertaken, we are of the opinion, in line with our rulings in *Kassarich v. Unemployment Compensation Board,* 139 Pa. Superior Ct. 599, 12 A. 2d 823 and *Speer v. Unemployment Compensation Board,* 140 Pa. Superior Ct. 207, 14 A. 2d 462, that the new board had no power or authority to review the examination papers and re-classify and regrade the successful applicants, after their appointment to the civil service and their continuance in service beyond the probationary period, except for fraud, misrepresentation or misconduct, or to correct purely clerical errors, such as if a successful applicant had been ranked or graded twelfth by the examining board and by a clerical error the figures were transposed and it was entered twenty-first. Matters involving discretion and judgment in arriving at the grade or rank of an applicant are not subject to review or change by the new and succeeding board, in the absence of fraud or material misrepresentation or misconduct. If the action of the board in changing appellant's rank was based on the exercise of judgment or discretion in re-examining his test material, it was without legal warrant or authority.

The appeal is dismissed, without prejudice, etc.