Force, Appellant, *v.* Unemployment Compensation Board of Review.

Argued December 16, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*John P. Boland,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

PER CURIAM, January 30, 1941:

This is an appeal by a former employee in the civil service created under the Unemployment Compensation Law of December 5, 1936, P. L. of 1937, p. 2897, as amended by Act of May 18, 1937, P. L. 658, from a decision of the Unemployment Compensation Board of Review sustaining his dismissal from the position of accountant in said service, because of false statements and material misrepresentations concerning his scholastic training wilfully made by him in his application for examination, in order to obtain a higher grade or standing of eligibility for the position applied for. See *Thurston v. Unemployment Compensation Board of Review,* 140 Pa. Superior Ct. 254, 13 A. 2d 890; *Morrison v. Unemployment Compensation Board of Review,* 141 Pa. Superior Ct. 256, 15 A. 2d 391.

It is not complicated by the fact that a prior board had reviewed and ruled upon the alleged misrepresentation, as in *Ryan et al. v. Unemployment Compensation Board of Review,* 143 Pa. Superior Ct. 8, 17 A. 2d 664.

Section 510 of the Act provides, inter alia, "In any appeal to the Superior Court the findings of the board

or referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law."

A review of the record satisfies us that there was ample evidence to support the findings of the board that appellant had falsely stated that he had attended the Wharton School of the University of Pennsylvania for two years, from September 1924 to April 1926, whereas his actual attendance was only for five months at the night school of that institution, from October 1927 to February 1928; that he thereby obtained an additional credit rating of 4, when his actual attendance for five months at night school would have given him no additional credit at all; that these false statements were made by him with knowledge of their falsity and for the purpose of furthering his chances for employment, and were material.

The findings, therefore, are conclusive upon us; and we find no error of law present in the board's decision that they justified appellant's dismissal from the service. See *Thurston v. Unemployment Compensation Board of Review,* supra; *Gangewer v. Unemployment Compensation Board of Review,* 137 Pa. Superior Ct. 453, 9 A. 2d 490.

The appeal is dismissed.