Thomas, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 12, 1941.

Before Keller, P. J., Cunningham, Stadtfeld, Rhodes and Hirt, JJ.

*Charles I. Houston,* of *Rupprecht & Houston,* for appellant.

*Charles R. Davis,* Special Deputy Attorney General, with him *R. Carlyle Fee,* Assistant Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

Per Curiam, April 18, 1941:

The Unemployment Compensation Law (Act of December 5, 1936, P. L. of 1937, p. 2897) provides, inter alia, in section 510, relating to appeals to this court from the decisions of the board, "In any appeal to the Superior Court the findings of the board or referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law."

In the present appeal it is important for the disposition of the case that a finding should be made by the board, from whose decision this appeal was taken, on

the question whether the prior board which held a hearing on July 27, 1939, relative to certain discrepancies in appellant's educational record, as set forth in his application for civil service examination, had considered and passed upon the wilful or intentional character of the material misstatements or misrepresentations which it admittedly contained; and decided that the misstatements were made (1) innocently or (2) knowingly.

And in using the term 'decided', 'found', or 'finding' in connection with, or as a result of, a 'hearing' ordered by the board, we mean formal action taken by the board, *as a board,* concurred in by at least two members present, and not the action of two individual members of the board, taken separately and apart from a meeting of the board. With respect to matters of sufficient importance to require a 'hearing' by the board, the action taken pursuant to such hearing, in order to be valid, must be the "action of the board", concurred in by at least two members (sec. 203); and it should be taken in board meeting. A member not present at the taking of the testimony on the hearing cannot take part in the disposition of the matter heard, unless it is further considered at a subsequent meeting of the board duly called, at which he is present, and the testimony is either reheard or a transcription of that already taken is supplied to him.

Unfortunately, minutes of the hearings held by the former board were not kept by the secretary, and the action of the board following such hearings cannot be thus ascertained, but will have to be determined by evidence aliunde.

Accordingly the decision of the board will be opened and the record returned to it to make a finding or findings on this vitally important matter.

It is so ordered.