## Mulholland, Appellant, *v.* Unemployment Compensation Board of Review.

Submitted May 8, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT, and KENWORTHEY, JJ.

*M. Herbert Syme* and *Benjamin R. Simons,* for appellant.

*Charles R. Davis,* Special Deputy Attorney General, *R. Carlyle Fee,* Assistant Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

PER CURIAM, June 30, 1941:

This appeal is so like the case of *Thomas v. Unemployment Compensation Board of Review,* 144 Pa. Superior

Ct. 369, 19 A. 2d 488, on its facts, as to require the same disposition to be made of it. In each case the appellant made statements in his application for examination respecting his attendance at and graduation from a certain high school, which he must have known were false, for he never attended the school. This would have justified his dismissal from the civil service *(Thurston v. Unemployment Compensation Board of Review,* 140 Pa. Superior Ct. 254, 13 A. 2d 890). In each case the appellant was summoned before a prior board of review for a hearing and admitted the falsity of his statements, but endeavored to excuse the misrepresentation as not intentionally fraudulent. In each case, the director of civil service wrote the appellant a letter revising his rank in the list of eligibles by deleting the credit given him for graduation from the high school, which he had never attended. We held in the Thomas case that as no minutes were kept or official record made of the finding or decision of the board—if any formal action was taken following the hearing—respecting the wilful or intentional character of the misrepresentation, and whether the board had *decided* that no further punishment would be visited upon the appellant beyond the deletion of his improper credit, a later board could not pass upon the same matter at a subsequent hearing until the fact whether such a finding or decision had been made by the prior board had first been determined. See also *Ryan et al., v. Unemployment Compensation Board of Review,* 143 Pa. Superior Ct. 8, 17 A. 2d 664, 666; *Kassarich v. Unemployment Compensation Board of Review,* 139 Pa. Superior Ct. 599, 12 A. 2d 823. We pointed out in the Ryan case (p. 16) that the letter sent by the director of civil service to the appellant notifying him of the deletion of his credit obtained by his false statement respecting his high school education, standing by itself, would not amount to an adjudication by the board. This is so, for the credits improperly obtained by his

misrepresentation as to his education would have to be deleted whether the false statement was intentionally or innocently made and whatever might be the finding or decision of the board as to his fraud, or want of it, in making the statements. It is not res judicata.

With respect to the nature of such finding or decision by a *prior* board we said in the Thomas case: "And in using the term 'decided', 'found', or 'finding', in connection with or as a result of, a 'hearing', ordered by the board, we mean formal action taken by the board, *as a board,* concurred in by at least two members present, and not the action of two individual members of the board, taken separately and apart from a meeting of the board. With respect to matters of sufficient importance to require a 'hearing' by the board, the action taken pursuant to such hearing, in order to be valid, must be the 'action of the board', concurred in by at least two members (sec. 203); and it should be taken in board meeting. A member not present at the taking of the testimony on the hearing cannot take part in the disposition of the matter heard, unless it is further considered at a subsequent meeting of the board duly called, at which he is present, and the testimony is either reheard or a transcription of that already taken is supplied to him.

"Unfortunately, minutes of the hearings held by the former board were not kept by the secretary, and the action of the board following such hearings cannot be thus ascertained, but will have to be determined by evidence aliunde."

If such formal action was taken by the prior board absolving appellant of fraud in the making of such misstatements of fact, and limiting their effect to a deletion of the unearned credit obtained thereby, the present board should so find, and in that event should rescind its decision and order his reinstatement. If such formal action was not taken, the present board should

so find, and in that event should reaffirm the decision appealed from.

The decision of the board will accordingly be opened and the record returned to it to make a finding or findings as above directed.

It is so ordered.