State Civil Service Commission *v.* Swann,
Appellant, et al.

Argued May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George W. McKeag*, with him *John Y. Scott*, *John H. Fertig* and *Philips, Farran & McKeag*, for appellant.

*M. Louise Rutherford*, Deputy Attorney General, with her *T. McKeen Chidsey*, Attorney General, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 24, 1949:

The question raised by this appeal is whether appellant is entitled to permanent civil service status under the State Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 PS 741.1 et seq.

The appellant, and others, filed a petition with the State Civil Service Commission on October 23, 1947 for the reopening and reconsideration by the Commission of its determination of July 22, 1947, that she did not have civil service status. The facts are not in dispute. On January 1, 1942, by order of the Governor of Pennsylvania and pursuant to Presidential Executive Order No. 8990, dated December 23, 1941 (Code of Federal Regulations of the United States of America, Supplement 1941, Titles 1 to 7, page 327), the Pennsylvania Employment Service, including all of its employes, was

transferred from the Commonwealth of Pennsylvania to the United States Employment Service. At that time, appellant and other petitioners were not employes of either the State Employment Service or the United States Employment Service. *Upon the request* of the United States Employment Service, and upon the advice of the Attorney General of Pennsylvania (see: Formal Opinion No. 444 of the Department of Justice, under date of January 15, 1943, 1943-1944 Op. Atty. Gen. 1), the State Civil Service Commission agreed to give civil service examinations and render services incidental thereto to the United States Employment Service. On February 3, 1943, after examinations were duly held and pursuant to the State Civil Service Act, supra, the State Civil Service Commission made a written certification of names of persons duly qualified and eligible to the United States Employment Service for consideration for appointment to the position of assistant interviewer. The names of appellant and other petitioners were on this list. These persons were subsequently appointed therefrom by the United States Employment Service to fill positions with that agency of the Federal government. The name of a veteran which appeared on this list was passed over in accordance with the Federal rule. This, however, was contrary to Section 4 of the Veterans' Preference Act of Pennsylvania, in effect at that time, (Act of Aug. 5, 1941, P. L. 872, 51 PS 491.1 et seq.) which gives veterans priority if their names appear on the certified list.

In November, 1946, the State Employment Service, its facilities and employes, were returned to the Commonwealth of Pennsylvania by the United States Government pursuant to the Act of Congress dated July 26, 1946, Public Law 549, 79th Congress, 29 USCA 49c-2. Prior to this retransfer, the Secretary of the Department of Labor and Industry of Pennsylvania issued certain rules and regulations, adopted by the

Bureau of Employment and Unemployment Compensation of that department on October 22, 1946, known as *Administrative No. 16.* Section 4 (a) of this order, as amended, provided:

"SECTION 4—*Appointments*

(a) All employes shall receive, on November 16, 1946, an interim appointment to the position held in the United States Employment Service on November 15, 1946, or to a position in a reasonably comparable grade and class. On or before November 16, 1946, each employe shall be advised of his rights under these rules and regulations. *On or before July 31, 1947, each interim employe shall be classified according to his status in one or more of the following groups:*

(1) Regular State Civil Service status by virtue of his appointment by the Secretary of Labor and Industry or by the Federal Government from a certified State list of eligibles in accordance with the *provisions of Act 286* (P. L. 752—1941) in the position which he held on *July 26, 1946;*

(2) Regular State Civil Service status in another grade and class than that of the position held on July 26, 1946;

(3) Covered employe with no regular State Civil Service status in any grade or class; and

(4) No status as a covered employe." (Italics supplied.)

Thereafter, two surveys of all employes of the State Employment Service, as returned, were made; one, by the Bureau of Employment and Unemployment Compensation, Department of Labor and Industry (of which the State Employment Service is a part) ; the other, by the State Civil Service Commission. On July 22, 1947, the State Civil Service Commission met with representatives from the offices of the Secretary of Labor and Industry and Bureau of Employment and Unemployment Compensation to discuss the civil service status of

15 individuals (including appellant) in the State Employment Service. The minutes of this meeting are made part of this record. It was agreed that these individuals, including appellant, had not acquired civil service status under the State Civil Service Act. The Civil Service Commission ruled that although they were properly certified to the United States Employment Service, they were never appointed in accordance with State procedure.

Thereafter, on July 29, 1947, the Secretary of Labor and Industry notified appellant (as well as other petitioners), that she was a "covered employe with no regular State Civil Service status". See: Sec. 4 (a) (3) of Administrative No. 16.

On October 23, 1947, the present petition was filed with the State Civil Service Commission praying for a reopening and reconsideration by the Commission. A hearing was held. The Civil Service Commission, after an adjudication, dismissed the petition and ruled that the action taken by it on July 22, 1947 was proper. An appeal was taken to the Court of Common Pleas of Dauphin County. It was there held that petitioners were not appointed in accordance with the State Civil Service Act and the appeal was dismissed. This appeal followed.

Appellant's attorney, at the outset, suggests that in the development of this case to this appeal the issue has shifted. He asserts that the issue considered by the State Civil Service Commission was whether or not the failure on the part of the United States' Employment Service first to appoint a veteran among the certified eligibles (as provided in the State Veterans' Preference Act, supra) rendered appellant's appointment illegal. He contends that the court below ignored this issue and only considered the issue whether or not a Federal authority could be an "appointing authority" as defined by the State Civil Service Act. However, the issue considered and answered in the negative by the learned

court below was the basic question to be answered. Appellant incorrectly *assumes* that the United States Employment Service was an appropriate "appointing authority" under the State Civil Service Act. It is argued that the legality of the appointment cannot now be challenged by the State Civil Service Commission after she had taken a State examination, had been certified as qualified and eligible and *had been appointed*. She relies on *Kassarich v. Unemployment Compensation Board of Review*, 139 Pa. Superior Ct. 599, 12 A. 2d 823. In that case, a new Unemployment Compensation Board attempted to attack the prior appointment of Kassarich to the position of senior interviewer. Said appointment admittedly was made by the appropriate "appointing authority", to wit, the Secretary of Labor and Industry upon proper certification. It was contended by the new Board, however, that Kassarich's statements of preliminary qualifications, which the old Board deemed satisfactory, were inadequate. The court there held that Kassarich was appointed by the proper "appointing authority" so that the question relating to preliminary qualifications was immaterial. There, the appointment was made by the appropriate "appointing authority". The present case is, however, quite different. We must first determine whether appellant was appointed by an appropriate "appointing authority". The learned court below held that she was not so appointed. We agree with this conclusion.

Art. VI, Sec. 601 of the State Civil Service Act, supra, as amended by Sec. 1 of the Act of June 1, 1945, P. L. 1366, 71 PS 741.601 provides, inter alia: "Whenever a vacancy is likely to occur or is to be filled in a permanent position in the classified service, the *appointing authority* shall submit to the director a statement indicating the position to be filled. . . . the director shall thereupon certify to the appointing authority the names of the three eligibles willing to accept appointment who

are highest on the appropriate promotion list or employment list, whichever is in existence, or from the one, which under the rules of the commission, has priority." (Emphasis supplied.)

Art. VI, Sec. 602 of the same Act, 71 PS 741.602 provides in pertinent part: "Unless it is found to be in the interest of the service of the Commonwealth not to fill a vacant position, the *appointing authority*, within thirty days, *shall appoint* the person whose name is, or one of the persons whose names are, certified by the director." (Emphasis supplied.)

From these two sections of the Act, it is clear that an employe of a State agency does not acquire State civil service status until he has been qualified by examination, certified to an appointing authority by the director, *and has been appointed by the appropriate "appointing authority"*. Art. I, Sec. 3 of the State Civil Service Act, supra, 71 PS 741.3 defines the term "appointing authority" as used in the Act as follows:

" 'Appointing authority' means the officers, board, commission, person or group of persons having power by law to make appointments in the service of the Commonwealth."

Our inquiry, therefore, is: what person or group of persons have power by law to make appointments in the service of the State Employment Service?

The State Employment Service is a part of the Bureau of Employment and Unemployment Compensation. This latter agency was created under the Unemployment Compensation Law (Act of Dec. 5, 1936, P. L. (1937) 2897, as amended, 43 PS 751 et seq.) which Act, by Art. II, Sec. 201, 43 PS 761, places the duty of administering and enforcing its terms on the Department of Labor and Industry. Art. II, Sec. 202, as amended, 43 PS 762, provides in pertinent part with respect to personnel and employment offices that: "The secretary [of Labor and Industry] shall have power to establish

such offices and to appoint and fix the compensation of such employes in such offices and in the department as he may deem necessary to administer this act, subject to the provisions of the act, approved the fifth day of August, one thousand nine hundred and forty-one (Pamphlet Laws, seven hundred fifty-two [The State Civil Service Act])."

It appears from the *terms* of the Act under which the State Employment Service operates that the Secretary of Labor and Industry is the appointing authority with regard to employes of the State Employment Service. He has the power, by law, to make the appointments and he, therefore, is the appropriate "appointing authority" as defined by the State Civil Service Act. Unless a person certified by the Director of the State Civil Service Commission is appointed by the Secretary of Labor and Industry (the appropriate "appointing authority"), the person cannot acquire permanent State Civil Service status under the State Civil Service Act, supra. When appellant was appointed by the United States Employment Service to her position with that agency, she never acquired State Civil Service status. The cases relied on by appellant, such as *Kassarich v. Unemployment Compensation Board of Review*, supra, have no relevant significance in the determination of this appeal because here appellant never was appointed *by the appropriate "appointing authority"*.

Appellant contends, however, that when she was appointed by the United States Employment Service, she was appointed to a position with the State Employment Service; that the State Employment Service was merely on loan to the Federal agency and for all practical purpose it remained basically a State agency. The Federal agency made the appointment because *it* needed additional help to administer the allocation and distribution of needed man power during the late war. This was a Federal, not a State operation. Appellant can find

no support in the opinion rendered by the State Attorney General (Opinion No. 444 dated January 15, 1943, supra) that the State Civil Service Commission could service the United States Employment Service. The Attorney General, however, merely advised ". . . that the State Civil Service Commission may, *upon the request of the Federal Government,* administer examinations for the State employment service temporarily loaned to the United States Employment Service. . . ." (Emphasis supplied.) The Attorney General did not advise that it was mandatory on the United States Employment Service to accept the servicing of all applicants by the State Civil Service Commission. In fact the evidence discloses that the United States Employment Service did *not* follow State procedure in making appointments. For example, it failed to follow the State Veterans' Preference Act, supra, which is required by State statute to be followed by all State "appointing authorities". Moreover, the Bureau of Employment and Unemployment Compensation of the State Department of Labor and Industry did not regard any employe of the United States Employment Service as an employe of the State when the State Service was retransferred. This is revealed when the Secretary of Labor and Industry issued the directive known as Administrative No. 16, in which all employes were given an "interim appointment" until their status could be determined.

Appellant also suggests that other persons appointed by the United States Employment Service from lists certified by the State Civil Service Commission now have State civil service status and that the State Civil Service Commission must have regarded their appointments as valid under the State Civil Service Act. While irrelevant to this proceeding, the record discloses that those employes received subsequent appointments by the Secretary of Labor and Industry (the proper "appointing authority") under Administrative No. 16. By Sec-

tion 4 of Administrative No. 16, supra, the Secretary of Labor and Industry disclosed that he recognized that upon the return of the employment service to the State, many employes had been added by the Federal agency. He, therefore, gave all employes "interim appointments" until their status could be ascertained. He directed that each employe be placed, in the State Employment Service, into one of four classifications. Classification number one included all those with "Regular State Civil Service status". This included employes who had been appointed by the Secretary of Labor and Industry (who were the ones who were actually in the State service before the transfer to the Federal agency). This classification also included employes appointed by the Federal government "from a certified State list of eligibles" in accordance *with the State Civil Service Act.* Any employe whose qualifications fell within this category would be considered by the Secretary of Labor and Industry as being properly appointed by him. Such "interim appointments", therefore, were enlarged to permanent appointments. The Secretary of Labor and Industry regarded appellant as not appointed by the Federal government *in accordance with State practice* and that veterans on the certified list with appellant had not been given preference in accordance with the State Veterans' Preference Act, supra. For this reason he refused to appoint appellant as a permanent employe. It was proper that he should only appoint those employes who were finally selected in accordance with State law. This situation was disclosed to the State Civil Service Commission by a representative from the office of the Secretary of Labor and Industry, when the Commission met on July 22, 1947. With all the facts before them, the Commission ruled that appellant had not acquired permanent State Civil Service status.

The fact that the veteran, whose name was passed over on the list, now disclaims all interest in the posi-

tion has no effect upon the decision in this case. Appellant never has been appointed by an appropriate "appointing authority" in the State Employment Service. The Civil Service Commission correctly ruled that appellant has no permanent State Civil Service status.

The order of the court below is affirmed, at the cost of appellant.