J-S94025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RONALD WILLIAM NEETZ, | |
| Appellant | No. 752 MDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
in the Court of Common Pleas of Clinton County Criminal Division
at No(s): CP-18-CR-0000233-2015

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

CONCURRING MEMORANDUM BY FITZGERALD, J.:     **FILED MAY 30, 2017**

I respectfully concur in the result. In my opinion, the Rules of Appellate Procedure do not permit us to treat the issues in Appellant Ronald William Neetz's brief as waived. For the reasons articulated below, I conclude that the evidence was sufficient to sustain his conviction for failure to comply with sex offender registration requirements.[1]

The relevant procedural history is as follows. The jury found Appellant guilty of failure to comply with sex offender registration requirements. Following sentencing, Appellant filed post-sentence motions, which the trial court denied in a written opinion. Appellant timely appealed from the order denying post-sentence motions. On May 20, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(2).

Appellant's counsel did not file a Pa.R.A.P. 1925(b) statement until July 12, 2016, beyond the twenty-one day deadline. Nevertheless, the trial court issued a Pa.R.A.P. 1925(a) opinion in which it incorporated by reference its April 29, 2016 opinion denying Appellant's post-sentence motions.

In his appellate brief, Appellant raises the same issues that he raised in his post-sentence motions and in his untimely Pa.R.A.P. 1925(b) statement, namely challenges to the sufficiency of the evidence.

The Rules of Appellate Procedure provide in relevant part:

> If an appellant in a criminal case was ordered to file a [Pa.R.A.P. 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [Pa.R.A.P. 1925(b)] Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). The proceedings in this case effectively satisfy Rule 1925(c)(3). From review of the record, I am convinced that Appellant's counsel was *per se* ineffective for failing to file a timely Pa.R.A.P. 1925(b) statement. The normal procedure in this circumstance would be to remand to the trial court "for the filing of a [Pa.R.A.P. 1925(b)] Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." ***Id.*** Here, however, these steps have already taken place: Appellant filed an untimely Pa.R.A.P. 1925(b) statement, and the trial court then issued a Pa.R.A.P. 1925(a) opinion. Thus, remand is unnecessary, and we should decide this appeal on the merits. ***See Commonwealth v. Burton***, 973

A.2d 428, 433 (Pa. Super. 2009) (*en banc*) ("if there has been an untimely filing [of a Pa.R.A.P. 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

On the merits, I reluctantly conclude that Appellant's arguments lack merit. The jury found Appellant guilty of violating 18 Pa.C.S. § 4915.1(a)(2), which provides: "An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to: . . . (2) verify his address . . . as required under 42 Pa.C.S. § 9799.15 . . ." Section 9799.15(g)(2) provides that a sex offender "shall appear in person at an approved registration site within three business days to provide current information relating to . . . commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient." 42 Pa.C.S. § 9799.15(g)(2).[2] A residence is defined as "[a] location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year . . . ." 42 Pa.C.S. § 9799.12.

Appellant argues that the evidence was insufficient to prove that he violated section 9799.15(g)(2) or that his violation was "knowing."

---

[2] I note that the Commonwealth Court held the "in person" provision unconstitutional in **Coppolino v. Noonan**, 102 A.3d 1254, 1278-79 (Pa. Cmwlth. 2014) (*en banc*), *aff'd*, 125 A.3d 1196 (Pa. 2016), a decision issued before the events in this case. Appellant, however, does not challenge the constitutionality of this provision in this appeal.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted), *appeal den.*, 138 A.3d 4 (Pa. 2016).

The evidence of record demonstrates that Appellant is a Tier III sex offender who is required to register for his entire lifetime. On March 9, 2015, Clinton County Children and Youth Social Services Agency personnel informed Appellant that he needed to leave his residence on 105 East Main Street, Loganton, Pennsylvania because other children were residing in this residence. The evidence shows that Appellant moved to a new address at 9 West Main Street, Loganton, Pennsylvania, but failed to appear in person at an approved registration site within three business days to provide current information relating to this change in residence. On March 23, 2015, a state

trooper confronted Appellant at 9 West Main Street and asked him if he resided there. Appellant answered that he did and added that he had been asked to move out of 105 East Main Street. The trooper placed Appellant under arrest for failing to report his change in address. The trooper accompanied Appellant into an apartment, and Appellant retrieved medication from a bedroom, which he described as his bedroom.

Construed in the light most favorable to the Commonwealth, the evidence demonstrates that Appellant had moved into 105 East Main Street and intended to be domiciled there for more than thirty days. He knowingly failed to report this change in residence at an approved registration site within three business days after March 9, 2015, the date he was directed to leave his former residence. Thus, the evidence was sufficient to sustain his conviction under 18 Pa.C.S. § 4915.1(a)(2).

For these reasons, I respectfully concur in the result.